UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF TH CEMENT MASONS HEALH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOAVE CONSTRUCTION, INC, et al.,<br><br>    Defendants. | Case No. 14-cv-01403-MEJ<br><br>**ORDER RE: DEFAULT JUDGMENT MOTION**<br><br>Re: Dkt. No. 18 |

On September 29, 2014, Plaintiffs filed a Motion for Default Judgment, with a noticed hearing date of November 6, 2014. Dkt. No. 18. All briefing shall be in compliance with Civil Local Rule 7. However, if no opposition is filed, Plaintiffs shall file proposed findings of fact and conclusions of law by October 20, 2014. <u>The submission shall be structured as outlined in Attachment A below and include all relevant legal authority and analysis necessary to establish the case</u>. Plaintiffs shall also email the proposed findings in Microsoft Word format to mejpo@cand.uscourts.gov. No chambers copies of the proposed findings need to be submitted. The October 30, 2014 Case Management Conference is VACATED.

Plaintiffs shall serve this notice upon all other parties in this action. Please contact the courtroom deputy, Rose Maher, at (415) 522-4708 with any questions.

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

# ATTACHMENT A

* * *

## I.  INTRODUCTION

(Relief sought and disposition.)

## II.  BACKGROUND

(The pertinent factual and procedural background, including citations to the Complaint and record. Plaintiffs should be mindful that only facts in the Complaint are taken as true for purposes of default judgment; therefore, Plaintiffs should cite to the Complaint whenever possible.)

## III.  DISCUSSION

**A.  Jurisdiction and Service of Process**

(Include the following standard.)

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

1.  Subject Matter Jurisdiction

(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions.)

2.  Personal Jurisdiction

(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

3.  Service of Process

(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)

**B.     Legal Standard**

(Include the following standard)

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**C.     Application to the Case at Bar**

(A detailed analysis of each individual *Eitel* factor, separated by numbered headings. Factors 2 (merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one heading. Plaintiffs shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)

**D.     Relief Sought**

(An analysis of any relief sought, including a calculation of damages, attorneys' fees, etc., with citations to relevant legal authority. As damages alleged in the complaint are not accepted as true, the proposed findings must provide citations to evidence supporting the requested damages. If attorneys' fees and costs are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual

1  billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as
2  a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing
3  in the community, including rate determinations in other cases of similarly complex litigation,
4  particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested
5  hours are reasonable, including citations to other cases of similarly complex litigation (preferably
6  from this District)).

## IV.  CONCLUSION

(Disposition, including any specific award amount(s) and judgment.)

\* \* \*